# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, an individual,

                    Plaintiff,                       CASE NO.:

v.

VALERO D&M CORP 2 d/b/a VALERO,
a Florida corporation,

                    Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendant VALERO D&M CORP 2 d/b/a VALERO (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3.      At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of Miami-Dade County, Florida.

DocuSign Envelope ID: 8351D533-B6E0-4B4A-A8EC-311598E8CEE0

4.     Defendant, VALERO D&M CORP 2 d/b/a VALERO, is a Florida corporation authorized to do business in Miami-Dade County Florida, and upon information and believe, operating that certain Valero fuel station located at 11301 NW 27th Ave., Miami, FL 33167 (the "Subject Property").

5.     Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff cannot walk independently and must use a wheelchair for mobility purposes. Plaintiff drives a specialized vehicle, which allows him to drive notwithstanding his serious disabilities. Plaintiff lives in Miami-Dade County, in relatively proximity to the Subject Property, and desires to refuel his vehicle at the Subject Property.

6.     On October 24, 2020, Plaintiff visited the Subject Property and pulled up to an available gas pump. Despite having a sticker indicating "fuel assistance available" and "call for assistance" (as required by law), the space for the number to call for assistance was blank and gave no indication of where to call for disabled assistance. A photo of the condition encountered by Plaintiff on October 24, 2020, is attached as Exhibit "A."

7.     On February 4, 2024, Plaintiff returned to the Subject Property. Plaintiff pulled up to three pumps that still had the same stickers as during his prior visit, and all of which still had blank spaces where the phone number to call for refueling assistance was required to be (by law). A photo of the condition encountered by Plaintiff on February 4, 2024, is attached as Exhibit "B."

8.     Venue is appropriate in this District, because all events giving rise to the instant action occurred in this District, and the Subject Property is in this District.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE ADA**</u>

9.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

DocuSign Envelope ID: 835AD533-B6E0-4B4A-A2EC-31159B58CFE0

10.     On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

11.     Congress specifically found, *inter alia*, that:[1]

a.     Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.     Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.     Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.     Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.     The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

12.     Congress explicitly set forth the purpose of the ADA; to wit:[2]

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).
[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

(i)      Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

13.    In May 1999, the Department of Justice issued specific regulations governing gas stations and delineating how such businesses are to become accessible to the physically disabled, as required by the ADA; pursuant to those regulations, gas stations are required, *inter alia*, to "let patrons know (e.g., through appropriate signs) that customers with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee." *www.ada.gov/gasbrprt.pdf*.

14.    In addition to the foregoing, the ADA specifically prohibits,

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

*42 U.S.C. § 12182(b)(2).*

15.    Here, Defendant clearly knows that it has obligations under the ADA, because Defendant's gas pumps have stickers displaying the international symbol of accessibility, and a message to call the displayed number for assistance – yet Defendant could apparently not be bothered to ensure that appropriate numbers are provided.

16.    Plaintiff lives in relatively proximity to the Subject Property, and intends to visit the Subject Property again in the future, perhaps repeatedly, in order to fill his vehicle with

4

gasoline; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will be unable to call for refueling assistance and will be discriminated against.

17.     As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

18.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remediate the ADA violations set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff, by making appropriate alterations to policies and procedures.

19.     This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendant' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities as required by law.

20.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.

21.     Plaintiff will continue to experience unlawful discrimination because of Defendant' failure to comply with the ADA unless and until that failure is enjoined.

22.     Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that it is made readily accessible to, and useable by, all individuals

with disabilities, including Plaintiff, as required pursuant to the ADA, and closing the facilities until the requisite modifications are complete.[3]

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a)      A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;

b)      An Order requiring Defendant to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendant to undertake and complete corrective procedures to Subject Property;

c)      An Order requiring Defendant to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA;

d)      An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business thereon until Defendant removed all violations under the ADA, including but not limited to the violations set forth herein;

e)      An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f)      For such other and further relief that this Court deems just, necessary and proper.

DATED this **14th** day of **February,** 2024.

---

[3] Gas stations are required by Miami-Dade County Code at Chapter 11A-20.1 to prominently display, on all gas pumps, a sign or decal displaying the international symbol of accessibility, wording to indicate that refueling assistance is available on request, and "clearly stating the telephone number for that gas station retailer." Respondent has clearly failed to implement these legal requirements, resulting in the discrimination encountered by Plaintiff (and undoubtedly, many others). This is in addition to the ADA violations raised in this case.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: __/s/ Nolan Klein, Esq.__
NOLAN K. KLEIN, ESQUIRE
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

and

**ENTIN LAW GROUP, P.A.**
*Co-counsel for Plaintiff*
1213 S.E. Third Avenue
Fort Lauderdale, FL 33316
Tel: (954) 761-7201

By: __/s/ Joshua M. Entin__
JOSHUA M. ENTIN, ESQ.
Florida Bar No. 493724
josh@entinlaw.com

## **VERIFICATION**

I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

_Jesus Gonzalez_                          2/14/2024
AF11C7979E974A5...
JESUS GONZALEZ